STATE EX REL. LOUIS M. CHESTER v. GEORGE R WALKER, BUILDING INSPECTOR

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 86000

Memorandum filed December 20, 1949

*John D. Brennan, Jr.,* of East Hartford, for the Plaintiff.

*Alcorn, Bakewell and Alcorn,* of Hartford, for the Defendant.

INGLIS, J. This is a mandamus action brought to require the respondent as building inspector of the town of Windsor to issue an "electrical permit" to the relator to install electric wiring in a specified house. It is alleged that relator is the holder of a master electrician's license in East Hartford where he is a resident, that pursuant to General Statutes, § 3684, he was granted an electrician's permit to engage in the business of electric wiring in any city or town of the state, that also pursuant to that section he presented that license to the town clerk of Windsor and received from him a permit to do such work in Windsor, and that thereafter he applied to the respondent for the permit to wire the specific house and it was refused. It is not clear whether the respondent's refusal to issue the particular permit is based on the claim that the relator is not properly licensed or on the ground that the plans for wiring the particular house do not comply with the building code of Windsor.

The special defense to which this demurrer is addressed sets up that under a special act of the General Assembly and the building code of Windsor the building inspector has the power to license electricians and to revoke such licenses, that the relator had had a license issued by the respondent which had expired, that thereafter he had done work in a manner violative of the building code and then his license had been renewed with the warning that if any more violations occurred the license would be revoked, that he had started work on the house in question without obtaining a permit therefor, and that thereupon the respondent had revoked his license.

If the gist of this defense is the claim that the relator is operating without a license issued by the building inspector, it is not a good defense against the allegations of the application that the relator has complied with § 3684. If an electrician holds a license issued under that section by the commissioner of state police, that license permits him to operate in any town in the state and it may not be revoked by any local official. That is to say, an electrician may operate in any given town either on the strength of a license issued by the proper official of that town or on the strength of the state license, issued under § 3684, a

copy of which he has filed with the town clerk. For that reason § 3684 was not repealed pro tanto so far as Windsor is concerned by the passage of the special act which gave the building inspector of that town the power to issue licenses, and revoke them, for the doing of business within the town. The state license is just as effective as the town license. The two licensing systems coexist independently of each other. The result of this is that the respondent has no power to revoke the state license. He must recognize it as giving the relator the right to engage in the electrical business in Windsor.

It is suggested by the respondent that § 3684 is unconstitutional, first, on the ground that it is a delegation of legislative power to the commissioner of state police without the setting up of standards to control him in the issuance of licenses. The fallacy of this contention lies in the fact that the statute does give the commissioner a standard to follow. That is the provision that in order to obtain the license the applicant must have a license issued by the town in which he resides. Again, it is claimed that the statute is unconstitutional because it is discriminatory in that an electrician resident in a town of high standards may not be able to get the license although he has the same qualifications as an electrician resident of another town of lower standards who can get it. That, however, is not unreasonable discrimination because the legislature might reasonably conclude that all of the towns of this state would have substantially equal standards.

For the foregoing reasons the special defense does not set up what may be called an absolute defense to the application for the writ. However, the issuance of a peremptory writ of mandamus lies in the legal discretion of the court, and a court will not issue such a writ to a relator who seeks it with unclean hands. *State ex rel. White* v. *Mills,* 99 Conn. 217. The special defense sets up matter which may well have a bearing upon the application of the clean hands doctrine. For that reason it is not demurrable.

The demurrer is overruled.